UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN BIZUNEH ASRES,<br>Petitioner,<br>v.<br>CHRISTOPHER J. LAROSE, Warden of Otay Mesa Detention Center, et al.,<br>Respondents. | Case No.: 3:26-cv-06262-RBM-BJW<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>**[Doc. 1]** |

Before the Court is Petitioner Nathan Bizuneh Asres's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner argues that his detention violates the Immigration and Nationality Act, the Due Process Clause, and the Administrative Procedure Act. (*Id.* ¶ 40–63.) Respondents "do[] not oppose an order from this Court directing that Petitioner be released from custody, subject to reasonable conditions of supervision at the government's discretion." (Doc. 4 at 1.) In light of Respondents' non-opposition, the Court **GRANTS** the Petition.

## I. CONCLUSION

For the foregoing reasons, the Petition (Doc. 1) is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to reasonable conditions of supervision to be determined by immigration authorities.

2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted. At any such hearing, the noncitizen **SHALL BEAR** the burden of establishing, by a preponderance of the evidence, that he is not a flight risk or a danger to the community. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).
3. At any such hearing, if the immigration judge determines that bond is appropriate, the immigration judge **SHALL** consider alternative conditions of release and the noncitizen's ability to pay. *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017).

**IT IS SO ORDERED.**

DATE: November 12, 2026

HON. RUTH BERMÚDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE